IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEVERLY J. ROCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-841-B-BN |
| | § | |
| PETE HEGSETH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Beverly J. Rockett paid the filing fee to again bring claims against her former employer, Defendant Army and Air Force Exchange Service ("AAFES"); this time, ostensibly, "for perjury, negligence, libel and defamation," "making damaging statements against plaintiff, acting 'corruptly,' sabotage, undue influence," "emotional distress, and other Title VII civil rights violations." Dkt. No. 3 (cleaned up).

Senior United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

This is at least Rockett's fourth lawsuit against AAFES related to her past employment.

As the undersigned recounted less than two months back,

[t]his case is Rockett's third attempt to bring claims against her former employer, [AAFES] relating to her alleged wrongful termination. Rockett initially brought claims under Title VII and the Age Discrimination in Employment Act, which were dismissed with

prejudice. *See Rockett v. Esper*, No. 3:20-CV-1502-C-BK, 2022 WL 774036 (N.D. Tex. Feb. 15, 2022), *rec. adopted*, 2022 WL 768630 (N.D. Tex. Mar. 14, 2022), *appeal dismissed*, No. 22-10504, 2022 WL 17037663 (5th Cir. Oct. 18, 2022) ["*Rockett I*"].

She then sought to bring defamation claims relating to alleged false statements by her supervisors at AAFES under the False Claims Act and federal criminal statutes, which were dismissed for lack of subject matter jurisdiction. *See Rockett v. Hegseth*, No. 3:25-cv-384-K-BK, 2025 WL 1032700 (N.D. Tex. Mar. 14, 2025), *rec. adopted*, 2025 WL1031292 (N.D. Tex. Apr. 7, 2025) ["*Rockett II*"].

Days after the magistrate judge's recommendation to dismiss her first defamation case, Rockett filed this case, again alleging four counts of defamation relating to alleged false statements by supervisors and human resources staff at the AAFES. *See* Dkt. No. 3. In her jurisdictional statement, Rockett alleges various statutory bases for her defamation claims, including federal criminal statutes, statutes relating to the enforcement of foreign defamation judgments and setting out federal employment practices, and Title VII. *See id.* at 3.

*Rockett v. Army & Air Force Exchange Serv.*, No. 3:25-cv-641-S-BN, 2025 WL 1448730, at *2 (N.D. Tex. Apr. 25, 2025), *rec. accepted*, 2025 WL 1447624 (N.D. Tex. May 20, 2025) (dismissing complaint for lack of subject-matter jurisdiction) ("*Rockett III*").

After reviewing the complaint, the undersigned recommends that the Court dismiss this lawsuit on its own motion under Federal Rule of Civil Procedure 12(b)(6).

### Legal Standards

A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed

factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir.

2021) (citations omitted). And "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at \*6 (5th Cir. Aug. 29, 2025) (per curiam) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

## Analysis

"Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit" where, under "the 'transactional test,'" "the claims in the second suit arise from the 'same nucleus of operative facts' as the prior claims." *Clyce v. Farley*, 836 F. App'x 262, 268 (5th Cir. 2020) (per curiam) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 504 (5th Cir. 2020)).

And, "if a res judicata … defense is established on the face of [the] complaint, it is a proper ground for dismissal" under Rule 12(b)(6). *Rolls-Royce Corp v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex. 2008); *see also McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) ("Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001))).

As to the substance of Rockett's current claims, they are based on events that

- 5 -

occurred when she was employed by AAFES. *See* Dkt. No. 3 at 5-7 (four substantive counts for defamation against former supervisors and a human resource partner). So this lawsuit is based on the same nucleus of operative facts as *Rockett I*, in which the Court considered Rockett's employment claims and dismissed her case with prejudice. *See generally Rockett I*, 2022 WL 768630. And, so, that judgment should be given preclusive effect.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters*, 428 F.3d at 571. In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (cleaned up).

"To trigger the doctrine of res judicata or claim preclusion, a judgment must be on the merits" – "[p]rior dismissals with prejudice are considered a final judgment on the merits such that they preclude subsequent litigation of the case." *Yan v. Texas*, No. 4:24-cv-579-O-BP, 2025 WL 726582, at *3 (N.D. Tex. Jan. 16, 2025) (cleaned up), *rec. accepted*, 2025 WL 725267 (N.D. Tex. Mar. 6, 2025); *cf. Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) ("Although the dismissal of a complaint for lack

- 6 -

of jurisdiction[, as in *Rockett II* and *Rockett III*, ]does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." (collecting cases)); *New World Int'l, Inc. v. Ford Global Techs.*, No. 3:16-cv-1112-M, 2017 WL 1078525, at \*3 (N.D. Tex. Mar. 22, 2017) ("Dismissals for lack of jurisdiction do not preclude a party from later litigating the same claim, provided that the specific defect has been corrected." (cleaned up)).

As to the fourth condition, "the transactional test, it does not matter that the plaintiff asserts different causes of action or theories of recovery in the subsequent case, but only whether they arise out of the same nucleus of operative facts," so, "[a]s the [United States Court of Appeals for the] Fifth Circuit put it in *Test Masters*, '[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.'" *Guzman v. City of Hous.*, No. 4:24-CV-0419, 2025 WL 816684, at \*3 (S.D. Tex. Feb. 19, 2025) (quoting *Test Masters*, 428 F.3d at 571), *rec. adopted*, 2025 WL 816682 (S.D. Tex. Mar. 13, 2025); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at \*3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is met [if] the claims could or should have been brought in the first action. From

Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court." (cleaned up)).

All four conditions are met here.

As between the two actions, the parties are the same – Rockett v. AAFES, even if the government officials have changed.

Another judge in this district entered a final judgment on the merits dismissing the prior action (*Rockett I*) with prejudice.

And the two suits share a common nucleus of operative facts.

The Court should therefore dismiss Rockett's current complaint with prejudice.

### Recommendation

The Court should, on its own motion, dismiss this lawsuit with prejudice under Federal Rule of Civil Procedure 12(b)(6) because it's barred by res judicata.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 14, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE